IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARY JO BRADLEY, as Administrator of the Estate of Troy Robinson; R.B., R.B., T.B., J.B., and G.B., through their mother and next friend RAKISHA BANDY; A.D., A.D., and A.D., through their mother and next friend D'ROSA DAVIS; and T.D., through his/her mother and next friend TAKITA DODSON,<br><br>    Plaintiffs,<br><br>v.<br><br>OFFICER CASEY BENTON, OFFICER C.M. FRANKLIN, OFFICER L.O. NIEMANN, and DEKALB COUNTY, GEORGIA,<br><br>    Defendants. | Civil Action File No. 1:18-CV-01518-WSD |

**DEFENDANT OFFICER CASEY BENTON'S
<u>ANSWER AND AFFIRMATIVE DEFENSES</u>**

Defendant Officer Casey Benton answers Plaintiffs' First Amended Complaint for Damages (Doc. 2) (the "Complaint") in the above-styled action as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against Officer Benton upon which relief can be granted.

**SECOND DEFENSE**

Qualified immunity bars Plaintiffs' claims against Officer Benton pursuant to 42 U.S.C. § 1983.

**THIRD DEFENSE**

Official immunity bars Plaintiffs' state law claims against Officer Benton.

**FOURTH DEFENSE**

Some or all of the claims/damages alleged in the Complaint are barred under other doctrines of estoppel and/or waiver.

**FIFTH DEFENSE**

Plaintiffs have failed to mitigate their alleged damages.

**SIXTH DEFENSE**

Officer Benton responds to the allegations set out in these individually-numbered paragraphs as follows:

1. Officer Benton admits that Plaintiffs have filed this lawsuit and further states that the lawsuit speaks for itself. Officer Benton denies the remaining allegations contained in paragraph 1 and specifically denies any

allegation in paragraph 1 that he is liable for any of the claims set forth in Plaintiffs' Complaint or that Plaintiffs are entitled to any relief whatsoever in this case.

2. Officer Benton is without knowledge or information sufficient to form a belief as to the truth of paragraph 2 and therefore denies the same.

3. Officer Benton admits that the Complaint identifies R.B., R.B., T.B. J.B., and G.B. as named Plaintiffs in this lawsuit through their mother and next friend Rakisha Bandy. Officer Benton otherwise is without knowledge or information sufficient to form a belief as to the truth of paragraph 3 and therefore denies the same.

4. Officer Benton admits that the Complaint identifies A.D., A.D., and A.D. as named Plaintiffs in this lawsuit through their mother and next friend D'Rosa Davis. Officer Benton otherwise is without knowledge or information sufficient to form a belief as to the truth of paragraph 4 and therefore denies the same.

5. Officer Benton admits that the Complaint identifies T.D. as a named Plaintiff in this lawsuit through her mother and next friend Takita Dodson. Officer Benton otherwise is without knowledge or information sufficient to form a belief as to the truth of paragraph 5 and therefore denies the same.

6. Officer Benton admits the first sentence of paragraph 6 and states that the second sentence of paragraph 6 calls for a legal conclusion to which no response is required.

7. Officer Benton admits that he was employed as a law enforcement officer with the DeKalb County Police Department on August 6, 2015. Officer Benton states that the remaining allegations of paragraph 7 call for a legal conclusion to which no response is required.

8. Officer Benton admits that Charles M. Franklin is a DeKalb County police officer. Officer Benton otherwise is without knowledge or information sufficient to form a belief as to the truth of paragraph 8 and therefore denies the same.

9. Officer Benton states that paragraph 9 calls for a legal conclusion to which no response is required.

10. Officer Benton admits that L.O. Niemann is a DeKalb County police officer. Officer Benton otherwise is without knowledge or information sufficient to form a belief as to the truth of paragraph 10 and therefore denies the same.

11. Officer Benton states that paragraph 11 calls for a legal conclusion to which no response is required.

12. Officer Benton admits the first sentence of paragraph 12. Officer Benton states that the second sentence of paragraph 12 calls for a legal conclusion to which no response is required.

13. Officer Benton admits that the DeKalb County Police Department is a department of DeKalb County. Officer Benton denies the remaining allegations of paragraph 13 to the extent inconsistent with law.

14. Officer Benton admits paragraph 14.

15. Officer Benton admits that Plaintiffs voluntarily dismissed their previous action, *Mary Jo Bradley, et al. v. Officer Casey Benton, et al.*, No. 1:16-CV-03757-WSD (N.D. Ga.), further stating that Plaintiffs filed their stipulation of dismissal on October 8, 2017. Officer Benton states that the remaining allegations of paragraph 15 call for a legal conclusion to which no response is required.

16. Officer Benton admits paragraph 16.

17. As to the first sentence of paragraph 17, Officer Benton denies that The Highlands at East Atlanta apartment complex is located at 2501 Flat Shoals Road and, upon information and belief, denies that Messrs. Sims and Robinson were traveling in a Chevrolet Tahoe. Officer Benton otherwise admits the first sentence of paragraph 17. As to the second sentence of paragraph 17, Officer Benton admits that Messrs. Sims' and Robinson's vehicle was pulled over near a

Chevron station on Flat Shoals Road but otherwise is without knowledge or information sufficient to form a belief as to the truth of the second sentence of paragraph 17 and therefore denies the same.

18. Officer Benton denies the first sentence of paragraph 18, further stating that he initiated the traffic stop of Messrs. Sims' and Robinson's vehicle. Officer Benton denies the second and third sentences of paragraph 18, further stating that his reason for initiating the traffic stop was not pretextual. Officer Benton is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 and therefore denies the same.

19. Officer Benton denies paragraph 19.

20. Officer Benton admits that he reported smelling an odor of marijuana from Messrs. Sims' and Robinson's vehicle. Officer Benton denies the second sentence of paragraph 20, further stating that, upon information and belief, the DeKalb County Medical Examiner's Officer found that Mr. Robinson's toxicology report showed that he tested positive for Cannabinoids. Officer Benton otherwise is without knowledge or information sufficient to form a belief as to the truth of paragraph 20 and therefore denies the same.

21. Officer Benton denies the first and third sentences of paragraph 21 on the ground that Mr. Sims initially falsely told Officer Benton that there was no

firearm in the car. Officer Benton is without knowledge or information sufficient to form a belief as to the truth of the second and fourth sentences of paragraph 21 and therefore denies the same.

22. Officer Benton denies paragraph 22.

23. Officer Benton admits paragraph 23.

24. Officer Benton denies paragraph 24.

25. Officer Benton admits paragraph 25.

26. Officer Benton admits that Mr. Robinson ran behind a Family Dollar store but otherwise denies the first sentence of paragraph 26 on the ground that it misstates the sequence and timing of the events at issue. Officer Benton admits the second sentence of paragraph 26. Officer Benton is without knowledge or information sufficient to form a belief as to the truth of the third sentence of paragraph 26 and therefore denies the same.

27. Officer Benton denies paragraph 27.

28. Officer Benton denies the first sentence of paragraph 28. Officer Benton is without knowledge or information sufficient to form a belief as to the truth of the second sentence of paragraph 28 and therefore denies the same.

29. Officer Benton admits the first sentence of paragraph 29, upon information and belief. Officer Benton is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 and therefore denies the same.

30. Officer Benton denies paragraph 30.

31. Officer Benton admits, upon information and belief, that Officer Niemann located Mr. Robinson lying on the ground, possibly unconscious, handcuffed and searched him for weapons, and called Emergency Medical Services. Officer Benton further admits that, upon information and belief, a large crowd gathered around Officer Niemann at some point at this location. Officer Benton otherwise is without knowledge or information sufficient to form a belief as to the truth of paragraph 31 and therefore denies the same.

32. Officer Benton admits paragraph 32, upon information and belief.

33. Officer Benton admits the first sentence of paragraph 33, upon information and belief. Officer Benton is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 and therefore denies the same.

34. Officer Benton repeats and incorporates by reference his answers to paragraphs 1 through 33 of the Complaint as if expressly set forth herein.

35. Officer Benton denies paragraph 35.

36. Officer Benton denies paragraph 36, further stating that paragraph 36 misstates the events at issue in this case.

37. Officer Benton denies paragraph 37, further stating that paragraph 37 misstates the events at issue in this case.

38. Officer Benton denies paragraph 38.

39. Officer Benton denies paragraph 39.

40. Officer Benton denies paragraph 40.

41. Officer Benton denies paragraph 41.

42. Officer Benton repeats and incorporates by reference his answers to paragraphs 1 through 41 of the Complaint as if expressly set forth herein.

43. Officer Benton denies paragraph 43.

44. Officer Benton denies paragraph 44.

45. Officer Benton repeats and incorporates by reference his answers to paragraphs 1 through 44 of the Complaint as if expressly set forth herein.

46. Officer Benton denies paragraph 46.

47. Officer Benton denies paragraph 47.

48. Officer Benton denies paragraph 48.

49. Officer Benton denies paragraph 49.

50. Officer Benton denies paragraph 50.

51. Officer Benton denies paragraph 51.

52. Officer Benton denies paragraph 52.

53. Officer Benton denies paragraph 53.

54. Officer Benton denies paragraph 54.

55. Officer Benton repeats and incorporates by reference his answers to paragraphs 1 through 54 of the Complaint as if expressly set forth herein.

56. Officer Benton denies paragraph 56.

57. In response to Plaintiffs' prayer for relief, Officer Benton denies that Plaintiffs are entitled to any of the relief sought in their prayer for relief or any other relief whatsoever in this case.

**WHEREFORE**, Defendant Officer Casey Benton respectfully prays as follows:

(1) That Plaintiffs be denied any relief against Officer Benton and that Plaintiffs' Complaint against Officer Benton be dismissed with prejudice; and

(2) That Plaintiffs pay the costs of this action and, to the extent authorized by law, reimburse Officer Benton for his attorneys' fees and expenses of litigation; and

(3) For such other and further relief as this Court deems just and proper.

This 2nd day of July, 2018.

                        Laura K. Johnson
                        Deputy County Attorney
                        Georgia Bar No. 392090

                        s/ Aaron J. Ross
                        Aaron J. Ross
                        Senior Assistant County Attorney
                        Georgia Bar No. 461981

                        Elizabeth L. Fite
                        Assistant County Attorney
                        Georgia Bar No. 142347

                        *Counsel for Defendants*

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

Aaron J. Ross
Senior Assistant County Attorney
ajross@dekalbcountyga.gov
Elizabeth L. Fite
Assistant County Attorney
elfite@dekalbcountyga.gov
**DEKALB COUNTY LAW DEPARTMENT**
1300 Commerce Drive, 5th Floor
Decatur, Georgia 30030
Telephone: (404) 371-3011
Facsimile: (404) 371-3024

# CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system (which document was prepared in Times New Roman font, 14-point type, one of the font and point selections approved by the Court in N.D. Ga. L.R. 5.1(C)), which will automatically send e-mail notification of such filing to the following attorneys of record:

>Robert O. Bozeman
>Mawuli M. Davis
>The Davis Bozeman Law Firm, PC
>4153 C Flat Shoals Parkway, Suite 332
>Decatur, Georgia 30034
>
>Leighton Moore
>The Moore Law Firm, PC
>100 Peachtree Street NW, Suite 2600
>Atlanta, Georgia 30361

This 2nd day of July, 2018.

>s/ Aaron J. Ross
>Aaron J. Ross
>Senior Assistant County Attorney
>
>*One of the Attorneys for Defendants*